UNITED STATES of America and State of New Jersey, Department of Environmental Protection Intervenor–Plaintiff in D.C.

v.

ROHM AND HAAS COMPANY, INC.; Marvin Jonas, Inc.; CBS, Inc.; Owens–Illinois, Inc.; Cenco, Inc.; Almo, Inc.; Manor Health Care Corporation; Triangle Publications, Inc.; The Glidden Company; E.I. Dupont de Nemours & Co.; Allied Paper, Inc.; Betz Laboratories, Inc.; Hercules Incorporated; Owens–Corning Fiberglas Corporation; SPS Technologies, Inc.; The Gilbert Spruance Company; Portfolio One, Inc.; Manor Care, Inc.; Leski, Inc.; Specialty Resins, Inc.; Sartomer Resins, Inc.; Sartomer Industries, Inc.; Eschem Company;

Rohm and Haas Company; Owens–Illinois, Inc. Portfolio One Third–Party Plaintiffs

v.

John Cucinotta; Joseph Cucinotta; Marvin Jonas, individually; Marvin Jonas, t/a Jonas Waste Removal, Marvin Jonas, t/a Jonas Steel Drum Company; American Packaging Corpora-

126

tion; AT & T Technologies, Inc.; Continental Can Company; Crown Cork & Seal Co., Inc.; Essex Chemical Corporation; Firestone Tire and Rubber Company; The Borough of Glassboro, New Jersey; The Township of Mantua, New Jersey; NL Industries, Inc.; NVF Company; Technitrol, Inc.; Nick Lipari Third–Party Defendants

Rohm and Haas Company, and Owens–Illinois, Inc. Appellants

No. 01–2803.

United States Court of Appeals, Third Circuit.

Argued July 11, 2002.

Filed Sept. 24, 2002.

Dorothy J. Donnelly, Assistant United States Attorney, Office of the United States Attorney, Trenton, NJ, for United States of America, Appellee.

John G. Harkins, Jr. (argued), Harkins Cunningham, Philadelphia, PA, for Rohm and Haas Co., Appellant.

Glenn P. Callahan, McCarter & English, Philadelphia, PA, for Owens–Illinois, Inc., Appellant.

Christopher R. Gibson (argued), Archer & Greiner, Haddonfield, NJ, for Continental Can Co., Inc., Crown Cork & Seal and NL Industries, Inc., Appellees.

Before SCIRICA and GREENBERG, Circuit Judges, and FULLAM, District Judge.[*]

## OPINION OF THE COURT

FULLAM, District Judge.

This case arises from an action brought by the United States on behalf of the Environmental Protection Agency ("EPA"), pursuant to § 107(a) of the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), to recover the costs incurred in the cleanup of the Lipari Landfill Superfund Site, located in Gloucester County, New Jersey.

Appellants Rohm & Haas Company, Inc. and Owens–Illinois, Inc. (collectively, "Rohm & Haas") entered into a consent decree with the United States. Rohm & Haas subsequently filed a third party complaint for contribution, pursuant to 42 U.S.C. § 9613(f)(1), against appellees NL Industries, Inc. ("NL"), Crown Cork & Seal Company, Inc. ("Crown"), and Continental Can Company ("Continental"), which Crown has since acquired. At issue is whether hazardous waste generated by the parties was transported to the Lipari landfill by one Marvin Jonas between November 1967 and January 1970. Rohm & Haas contended that waste from NL and Crown had been hauled to the Lipari site by Jonas during that time period, and therefore that they should share in the costs of the cleanup; NL and Crown argued at trial that they did not become Jonas' customers until the very end of the relevant time period,[1] and in any event that their waste was dumped elsewhere. The District Court, following a lengthy bench trial, entered judgment in favor of the third party defendants.

The appellants assert that the District Court committed clear error when it found that Rohm & Haas failed to prove that waste from the third party defendants was taken to the Lipari landfill during the relevant time period. The court concluded that Crown and NL did not become customers of Jonas prior to June 1968, despite the fact that NL had earlier reported to Congress in its response to the so-called Eckhardt Survey[2] in 1979, and again in a

---

[*] The Honorable John P. Fullam, United States District Court Judge for the Eastern District of Pennsylvania, sitting by designation.

1. Crown conceded that it became a Jonas customer when NL did.

2. The Eckhardt Survey was a questionnaire directed to the 50 largest U.S. chemical com-

panies by the House Subcommittee on Oversight and Investigations of the House Committee of Interstate and Foreign Commerce. It sought detailed information about the companies' waste disposal practices since 1950. The Chairman of the Subcommittee was Robert Eckhardt.

1985 report to the EPA, that NL had employed Jonas to haul its waste since 1960. Appellants also contend that the District Court erred by not applying the "missing witness rule" when NL failed to call as witnesses the employees who had prepared its response to the Eckhardt Survey.

Appellants' arguments center around the following findings of fact:

(1) Crown, NL and Continental were not customers of Jonas prior to June 1968;

(2) Crown, NL and Continental were Jonas customers in 1969, because a substantial increase in Jonas' business occurred between late 1968 and early 1969, and because NL's Eckhardt Survey response is evidence that NL was a Jonas customer prior to 1970;

(3) Crown, NL and Continental in fact became Jonas customers between July 1968 and January 1969;

(4) Jonas did not always dump Rohm & Haas waste at the Lipari landfill, but would instead sell some of the waste, and he consistently took less waste to Lipari than he was receiving from Rohm & Haas;

(5) Therefore, there was no credible evidence that waste originating with Crown, NL or Continental was taken to the Lipari site during the time period at issue.[3]

As the district court recognized, the evidence in this case was spotty, old, and frequently contradictory. The fact that reasonable minds might differ as to the weight to be accorded a particular piece of evidence does not permit us to substitute our judgment for that of the finder of fact. We are satisfied that the district court's findir that NL and Crown did not become Jonas customers prior to late 1968 or early 1969 is supported by credible evidence. In the face of conflicting evidence and testi-

mony, the district court understandably relied heavily on contemporaneous records such as the Jonas and Lipari cash books and monthly reports generated by Rohm & Haas' Philadelphia and Bristol plants to determine the amount of waste Jonas received from his clients and the amounts he paid to Lipari to deposit his customers' waste in the landfill. It was well within the court's discretion to infer that these were more reliable that testimony or documentary evidence—such as the Eckhardt survey—based upon memories of events long past. It was also reasonable for the court to infer, based upon these sources, that NL and Crown became Jonas customers no earlier that the second half of 1968.

Appellants were required to prove not only that Crown and NL were Jonas customers during the Lipari period, but that waste generated by Crown and NL was actually dumped at the Lipari site, and not elsewhere. The district court found, again relying on the contemporaneous business records of Jonas and Lipari—particularly in light of conflicting testimony from Jonas—that Rohm & Haas failed to carry their burden of proof. Of particular import was the fact that the amounts of waste Jonas dumped at the Lipari site, even after Crown and NL became customers was consistently less waste than he received from Rohm & Haas. In addition, Jonas signed a lease on another landfill in June 1968, about the time the district court determined that NL and Continental became his customers. Under the terms of that lease, Jonas paid a flat monthly fee to dump his customers' waste, whereas at the Lipari landfill he paid by the drum. It was logical for the court below to infer that it was more profitable for Jonas to take waste to the new site and to conclude that he acted accordingly.

---

3. These correspond to findings of fact 33, 34(d) and (e), 35, 38 and 39 in the opinion below.

The sole issue of law in this case is whether the district judge erred when he did not apply the "missing witness" rule, which would have permitted him to infer that because the people who prepared NL's response to the Eckhardt Survey were not called by the third party defendants, their testimony would have been unfavorable to NL. There is no reason to think that these witnesses were available only to NL; certainly, as they were initially identified as trial witnesses, third party plaintiffs could have deposed them but chose not to do so. Moreover, it was Rohm & Haas' burden to prove that waste from NL and Continental was taken to the Lipari landfill during the relevant period. Third party defendants were not required to disprove Rohm & Haas' case. Under these circumstances, application of the missing witness rule would have been inappropriate.

For the foregoing reasons we will affirm the judgment of the District Court.